UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23156-BLOOM/Otazo-Reyes

JUAN CARLOS GIL,

    Plaintiff,

v.

LAVI APARTMENTS, LLC, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Lavi Apartments, LLC's and Adam Trading Group LLC's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint, ECF No. [19] ("Motion"), filed on October 19, 2021. Plaintiff Juan Carlos Gil ("Plaintiff") filed a Response to the Motion, ECF No. [20] ("Response"), to which Defendants did not file a reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On September 1, 2021, Plaintiff initiated this action alleging violations by Defendants of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq. See* ECF No. [1] ("Complaint"). According to the Complaint, Defendants own and/or operate a place of public accommodation located at 3280 Palm Avenue, Hialeah, Florida ("the Commercial Property"). *Id.* ¶ 20. Plaintiff visited Defendants' property on or about July 20, 2021 and, during that visit, "encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein." *Id.* ¶ 16. The Complaint then identifies numerous barriers Plaintiff encountered at the Commercial Property. *Id.* ¶¶ 18-19, 26, 28.

In the Motion, Defendants argues that dismissal of the Complaint is warranted to the extent it seeks relief for unidentified barriers. *See generally* ECF No. [19]. Specifically, Defendants argue that "[i]n paragraphs 26 and 28 of the Complaint, Plaintiff describes the subject barriers under the ADA that Plaintiff allegedly encountered at the Property. However, Plaintiff references barriers which have yet to be identified, and seeks redress for the same, which is impermissible." *Id.* at 1 (citing ECF No. [1] ¶ 29). Additionally, Defendants maintain that Plaintiff impermissibly "asserts that aside from the list of alleged ADA violations found in paragraphs 26 and 28, there are additional barriers at the Property that have not yet been identified" and he "requires inspection of the subject property to develop a complete list of ADA violations at the property. *Id.* at 1-2 (citing ECF No. [1] ¶ 29). In his Response, Plaintiff argues that he has sufficiently stated a cause of action under the ADA, which Defendants do not seem to dispute, and explains that he "is seeking redress only for those barriers identified in the Complaint[.]" ECF No. [20] at 2-3, n.1.

Upon review of the Complaint and the parties' submissions, the Court agrees with Plaintiff that the allegations in the Complaint are sufficient to withstand dismissal under the Fed. R. Civ. P. 12(b)(6). Indeed, Plaintiff has alleged several barriers he encountered at the subject Commercial Property, and further alleges how these violations caused him harm. ECF No. [1] ¶¶ 26, 28. While the Court agrees with Defendants that Plaintiff cannot seek relief for barriers not identified in the Complaint, Plaintiff has made clear that he seeks relief only for those barriers alleged. *See* ECF No. [20] at 3, n.1; *see also Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-CV-2342-T-30EAJ, 2012 WL 4479005, at *6 (M.D. Fla. Sept. 28, 2012) (An ADA plaintiff "does not have standing to complain about alleged barriers for which [he] was unaware at the time of filing [his] complaint." (citing *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365-66 (S.D. Fla. 2001); *Resnick v. Magical Cruise Co., Ltd.*, 148 F. Supp. 2d 1298, 1302 (M.D. Fla.

Case No. 21-cv-23156-BLOOM/Otazo-Reyes

2001))); *see also Royal Palm Com. Plaza Condo. Ass'n. Inc.*, 21-cv-21572 (S.D. Fla. July 28, 2021), ECF No. [26].

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [19]**, is **DENIED**. Defendants shall file an Answer to the Complaint **no later than December 1, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record